PER CURIAM.
Granted.
Defendant was charged with disturbing the peace in violation of R.S. 14:103, by repetitively shooting a gun at all hours of the day and night in such a manner as would foresee-ably disturb or alarm the public. He was convicted and sentenced to 30 days in jail. Additionally, the court, without notice, written charges and a hearing, revoked a previous 90-day probated sentence for disturbing the peace and ordered the sentences served consecutively. The court of appeal denied defendant’s writ application.
We grant defendant’s application and reverse and set aside the conviction for disturbing the peace and the revocation of defendant’s probation. The essential elements of R.S. 14:103(A)(2) were not proved by sufficient evidence. Specifically, there was insufficient evidence that defendant himself fired a gun on his own property or had specific intent to deride, offend or annoy his neighbors, or that the offended persons were in a street or other public place. State v. DeSha-zo,. 504 So.2d 963 (La.App.lst Cir.1987); State v. McCoy, 546 So.2d 240 (La.App.2d Cir.1989). Defendant is ordered discharged on the charge of disturbing the peace on October 16, 1992.
The revocation of probation is reversed and set aside because of a total lack of compliance with LSA-C.Cr.P. arts. 899, 900 and 901, that is, lack of notice, written charges and a revocation hearing.
DENNIS, J., not on panel.